UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRYSON SOLOMON**                          **CASE NO. 2:23-CV-00546**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**PRIME INSURANCE CO ET AL**                **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 39) filed by Plaintiff, Bryson Solomon, who moves the Court for summary judgment in the issue of liability. As of this date, no opposition have been filed by Defendants, and the time for doing so has now expired.[1]

## BACKGROUND

On May 9, 2022, Plaintiff, Bryson Solomon, was operating a 2017 Freightliner truck, traveling south on I-49 in the left lane in DeSoto Parish, Louisiana.[2] At the same time, Defendant, Shinderpal Singh, was operating a 2021 Freightliner Cascadia truck and trailer owned by MJKS Enterprise, LLC in the right southbound lane of I-49.[3] As Bryson Solomon was passing Shinderpal Singh's vehicle, Singh suddenly merged into Solomon's lane without warning.[4] Shinderpal Singh's trailer struck the front passenger side of Solomon's vehicle forcing Solomon's vehicle into the median.[5]

---

[1] See Doc. 40, Notice of Motion Setting.
[2] Plaintiff's exhibit 1, Bryson Solomon Deposition, pp. 32:13-25; 35:6-22; 42:24-43:6.
[3] *Id.*
[4] Plaintiff's exhibit 1, Solomon Depo. pp. 32:13-33:3-9.
[5] Plaintiff's exhibit 1, Solomon Depo. pp. 35:20-22; 39-40; 44:9-11; 32:14-23.

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Plaintiff, Solomon moves the Court to find that Defendant, Singh, was solely liable for the collision that forced Solomon's vehicle into the median. Solomon argues that the undisputed facts and evidence establish Singh's negligence and liability as Singh breached his duty to maintain a proper lookout and ensure it was safe before changing lanes in violation of Louisiana Revised Statute 32:79(1). As noted herein, no opposition has been filed by Defendants. Considering the undisputed facts, the Court finds that Defendant, Singh, is solely liable for the collision that is the subject of this lawsuit.

## CONCLUSION

For the reasons explained herein, the Court will grant Motion for Partial Summary Judgment" (Doc. 39) filed by Plaintiff, Bryson Solomon, and finds that Defendant Shinderpal Singh is solely at fault for the collision that is the subject of this lawsuit.

**THUS DONE AND SIGNED** in Chambers on this 6th day of August, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**